UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEF HAROLD ATCHAN,<br><br>    Defendant. | Case No. 22-cr-00154-VC-1<br><br>**ORDER DENYING MOTION TO SUPPRESS**<br><br>Re: Dkt. No. 46 |

    The motion to suppress is denied. The good faith exception applies because a reasonable officer could have believed that the warrant in this case was supported by probable cause. This order assumes the reader's familiarity with the facts of the case, the parties' arguments, and the relevant law.

    Atchan argues that Reavey's affidavit did not establish probable cause because it insufficiently explained the process by which Reavey identified Atchan as the man in the Instagram video. Atchan is correct that probable cause here flowed from the identification. It was because of the identification (and the ensuing review of Atchan's criminal record) that there was probable cause to believe the crime of being a felon in possession had been committed. It was also because of the identification (which tipped officers off to the fact that the man in the video was in California) that there was probable cause to believe that the crime of having a loaded firearm in a vehicle was being committed. Without identifying Atchan, Officer Reavey would have only had a video depicting an unknown man wielding a gun while sitting in a car in an unknown location.

    But even assuming the affidavit did not describe the identification process sufficiently to

establish probable cause, the good faith exception applies. Atchan tries to fit these facts into two categories of cases where the good faith exception does not apply. *See United States v. Leon*, 468 U.S. 897, 922–23 (1984); *United States v. Elmore*, 917 F.3d 1068, 1076–77 (9th Cir. 2019). First, he argues that the affidavit was misleading. To be sure, the affidavit was vague and incomplete—it omitted information about the process by which Atchan was identified. But it is difficult to see how it was misleading. If anything, it seems indisputable that if the officer had included more information about how the identification was made—for example, the tip he received from a fellow officer that he recognized the man in the video as Atchan, a felon—the case for probable cause would have been stronger, not weaker.

Second, Atchan argues that the warrant that resulted was so lacking in indicia of probable cause that no reasonable officer would have believed it to be a valid warrant. This is a bridge too far. The affidavit explained that "[u]sing SFMUGS, [Reavey] was able to identify the individual as Josef Harold Atchan." Dkt. No. 47-1 at 6. The affidavit also contained screenshots of the livestream where Atchan is looking right at the camera and where his features are visible with reasonable clarity. Dkt. No. 47-1 at 10. Although it's questionable whether this alone established probable cause, it would not be categorically unreasonable to infer from the affidavit that Reavey had identified Atchan through a sufficiently reliable process (such as by flipping through mug shots until he came across someone who resembled the man in the screenshots). The fact that the process was not described in sufficient detail, or that the actual process was different from what a reader might have assumed, does not in itself render the warrant facially invalid.[1]

A status conference is set for March 29, 2023, at 11:00 a.m. via Zoom.

**IT IS SO ORDERED.**

Dated: March 8, 2023

---

[1] At the hearing, counsel for Atchan was asked to identify the two or three best cases for his client. The cases cited by counsel, however, are not analogous enough to be helpful to Atchan. *See generally United States v. Luong*, 470 F.3d 898 (9th Cir. 2006); *United States v. Grant*, 682 F.3d 827 (9th Cir. 2012); *Washington v. Lambert*, 98 F.3d 1181 (9th Cir. 1996).

_____
VINCE CHHABRIA
United States District Judge

3