UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br> v.<br><br>ATCHAN,<br><br>   Defendant. | Case No. 22-cr-00154-VC-1<br><br>**ORDER DENYING MOTION TO REVOKE DETENTION**<br><br>Re: Dkt. No. 87 |

   The Court will assume, for purposes of this motion only, that the following assertions by the defendant are correct:

- In *United States v. Loya*, the Ninth Circuit merely assumed, and did not decide, that district courts have authority to order someone detained pending a revocation hearing. 23 F.2d 1529 (9th Cir. 1994).

- 18 U.S.C § 4001(a) applies to the potential detention of defendants by district courts.

- Rule 32.1(a)(6) is not enough, on its own, to authorize district courts to order someone detained pending a revocation hearing, because it is not an "Act of Congress" within the meaning of section 4001(a).

- The text of 18 U.S.C. § 3583(e)(3) speaks only to the actual revocation of supervised release, and the phrase "pursuant to the Federal Rules of Criminal Procedure" does not directly incorporate Rule 32.1(a)(6).

- The text of 18 U.S.C. § 3143(a) does not speak to the issue of ordering someone detained pending a revocation hearing.

- The reference in Rule 32.1(a)(6) to section 3143(a) is not an attempt to suggest that

section 3143(a) itself authorizes district courts to order someone detained pending a hearing on an alleged supervised release violation. Rather, it's an attempt to borrow the standard from section 3143(a) and instruct district courts that they must apply that standard in deciding whether to order someone detained pending a revocation hearing. These are complicated issues (particularly the first two), and the Court does not mean to suggest that the defendant is right on all of them. But even if he were, the motion for release pending a revocation hearing would be denied.

It's important to zoom out from an isolated focus on any single statutory provision and examine the supervised release scheme as a whole. "Supervised release is 'a form of postconfinement monitoring' that permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont v. United States*, 587 U.S. 514, 523 (2019) (quoting *Johnson v. United States*, 529 U.S. 694, 697 (2000)). When a defendant is on supervised release, he continues to operate under a judgment issued by the district court. The district court has the statutory obligation to oversee the defendant and make decisions regarding every aspect of the process—from the initial decision whether to impose the supervised release term, to the choice of conditions, to any modification, extension, revocation or termination of the term or conditions. In fulfilling this obligation, the district court must consider a variety of factors, including the defendant's rehabilitation and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3583(c)–(d) (citing 18 U.S.C. § 3553(a)(2)(B)–(C)).

As the Court sees it, the various statutes relating to supervised release, considered in context, combine to give district courts the authority to order detention pending a revocation hearing. Section 3606 authorizes a district court with jurisdiction over a defendant's case to order his arrest if there is probable cause to believe that he violated the terms of his supervised release. Section 3583 gives the district court broad authority over the terms and implementation of supervised release, including the authority to revoke supervised release if the court finds by a preponderance of the evidence that the defendant violated the terms. *See* 18 U.S.C. 3583(e)(3). A district court cannot meaningfully perform its functions pursuant to these provisions without the

authority to order that a defendant continue to be detained pending a revocation hearing after arrest for a supervised release violation. (Assuming, of course, that probable cause continues to exist as further information comes in.) And of course, the Judiciary Act, by creating the district courts, conferred upon those courts the inherent power to manage and adjudicate cases under their jurisdiction. *See Armstrong v. Guccione*, 470 F.3d 89, 103 (2d Cir. 2006); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (describing the court's inherent powers). The Judiciary Act, combined with the statutes charging district courts with the responsibility to impose supervised release conditions, to order the arrest of defendants on a finding of probable cause that those conditions were violated, and to revoke supervised release upon a factual finding that the conditions were indeed violated, make it clear that detention pending a revocation hearing is "a fundamental incident" of the exercise of these powers. *Hamdi v. Rumsfeld*, 542 U.S. 507, 519 (2004).

As this discussion shows, the competing arguments about whether Rule 32.1(a)(6) provides authority to detain someone pending a revocation hearing miss the point. There's no reason to believe that the authority to detain someone pending a hearing was ever meant to come from Rule 32.1. Rather, that authority comes from the statutory scheme discussed above. In other words, the best understanding of Rule 32.1(a)(6) is not as a grant of power to the district courts, but rather as an imposition of standards and procedures that the courts are required to follow when exercising the power they already had.

**IT IS SO ORDERED.**

Dated: March 28, 2025

VINCE CHHABRIA
United States District Judge